UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **REBECCA BREAUX TURNER** | : | **CIVIL ACTION NO. 2:22-cv-4370** |
| | : | |
| | : | |
| **VS.** | : | **JUDGE** _____ |
| | : | |
| **FEDNAT INSURANCE COMPANY** | : | **MAGISTRATE JUDGE** _____ |
| **AS SUCCESSOR AND ASSIGN OF** | : | |
| **MAISON INSURANCE COMPANY** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, Rebecca Breaux Turner, by her undersigned attorney, alleges as follows:

## NATURE OF ACTION

1.

This is an action by Rebecca Breaux Turner for damages against her homeowner's insurance company, Fednat Insurance Company as successor and assign of Maison Insurance Company, for its failure to pay the full sums owed under its insurance policy resulting from damages to her home caused by Hurricanes Laura and Delta.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states.  Plaintiff, Rebecca Breaux Turner is a citizen of the State of Louisiana.  Defendant, Fednat Insurance Company as successor and assign of Maison Insurance Company, is a foreign insurance company domiciled in the State of Florida.  The unpaid losses due under Defendant's insurance policy

exceed $75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses on top of those unpaid losses pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

## THE PARTIES

4.

Plaintiff, Rebecca Breaux Turner, ("Rebecca"), is an adult resident of Reeves, Louisiana.

5.

Defendant, Fednat Insurance Company as successor and assign of Maison Insurance Company, ("Fednat"), is a foreign insurance company domiciled in the State of Florida and can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## FACTUAL ALLEGATIONS

6.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a Category 4 hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Laura traveled north and directly hit Lake Charles, Louisiana, with sustained winds of nearly 100 miles per hour and gusts over 130 miles per hour.

8.

At the time of Hurricane Laura, and through the present, Rebecca was and still is the owner of the home and property located at 1413 Bel Fire Tower Road, Reeves, Louisiana 70658 ("the home").

9.

As a result of Hurricane Laura, the home sustained damage. The contents and other structures of the home also sustained damages.

10.

On the evening of October 9, 2020, Hurricane Delta made landfall near Creole, Louisiana, with sustained winds of 100 miles per hour.

11.

After making landfall, Hurricane Delta traveled north and directly hit Lake Charles, Louisiana, with maximum sustained winds of nearly 100 miles per hour.

12.

As a result of Hurricane Delta, the home sustained additional damage to both its interior and exterior. The contents and other structures of the home also sustained additional damages as well.

13.

At the time these damages were sustained due to Hurricanes Laura and Delta, Rebecca had

in full force and effect a policy of insurance with Fednat providing coverage for all of the losses sustained by Rebecca to her home, other structures, and contents, as well as for debris removal and additional living expenses.

14.

Rebecca reported her losses to Fednat resulting from Hurricane Laura and made a claim for payment of those losses.

15.

On September 18, 2020, an adjuster retained and/or employed by Fednat inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine Rebecca's losses caused by Hurricane Laura without any limitations.

16.

Despite Fednat obtaining proof of loss, Fednat only issued partial payment for damages to Rebecca's home and contents; these payments were less than the damages apparent to the Fednat adjuster(s) and less than the apparent value of the damaged contents.

17.

The Fednat adjuster failed to include damages to the home that were obvious at the time of the inspection, and obviously were caused by Hurricane Laura, as well as underestimated the costs of damages included in its adjustment.

18.

Rebecca timely reported her losses to Maison resulting from Hurricane Delta and made a claim for payment of those losses.

19.

An adjuster retained and/or employed by Fednat inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine Rebecca's losses caused by Hurricane Delta without any limitations.

20.

Despite Fednat obtaining proof of loss, Fednat only issued partial payment for damages to Rebecca's home and contents; these payments were less than the damages and losses apparent to the Fednat adjuster(s).

21.

The Fednat adjuster failed to include damages to the home that were obvious at the time of the inspection, and obviously were caused by Hurricane Delta, as well as underestimated the costs of damages included in its adjustment.

22.

All payments for Delta damages were inadequate to cover the losses sustained.

23.

The payments made to date by Fednat to Rebecca are woefully inadequate to cover the costs to repair to the damages to the home and its other structures, which damages were clearly visible to the adjuster retained and/or employed by Fednat at the time of the adjuster's inspection.

24.

Also, Fednat denied additional living expense payments that should have been due under the policy because of the condition of the house as a result of Hurricane Laura.

25.

Additionally, because they have been insufficient funds to complete repairs, Rebecca has endured significant mental anguish and inconvenience.

## CAUSES OF ACTION AND DAMAGES
### A. THE INSURANCE POLICY

26.

Under Article 1997 of the La. Civ. Code, an obligor in bad faith is liable for all damages that are a direct consequence of his failure to perform.

27.

Fednat owed Rebecca a duty of good faith and fair dealing, and a duty to pay losses within 30 and 60 days of proof of loss under LSA R.S. 22:1892 and LSA R.S. 22:1973.

28.

The damages to the home and its other structures greatly exceed the amounts estimated and paid by Fednat.

29.

Under the language of her policy, Rebecca is entitled to recover from Fednat for the additional sums needed to make full repairs to the home and its other structures in accordance with the insurance coverages Rebecca purchased from Fednat.

30.

Rebecca is also entitled to recover for the unpaid and/or underpaid losses and damages they sustained to the contents of the home, for debris removal, and for additional living expenses in accordance with the insurance coverages Rebecca purchased from Fednat.

31.

Fednat breached its duty of good faith, causing actual damages, and breached its duties to timely pay damages owed under the policy.

### B.  PENALTIES AND ATTORNEY'S FEES

32.

Pursuant to Louisiana Revised Statute 22:1892, Fednat was required to unconditionally tender payment to Rebecca for reasonably undisputed losses caused by Hurricane Laura within 30 days of Fednat's receipt of satisfactory proof of loss when its adjuster inspected the home.   Fednat failed to do so.

33.

La. R.S. 22:1892 further required Fednat to re-evaluate Rebecca claim and to tender additional unconditional payments to Rebecca each time Fednat received additional information concerning the losses sustained by Rebecca.   Fednat failed to do so.

34.

Fednat's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

35.

Pursuant to La. R.S. 22:1892, Fednat is liable to Rebecca for a penalty of 50%, in addition to the amount of the loss, on the amount due from Fednat, as well as reasonable attorney's fees and costs, for Fednat's failure to unconditionally tender the amounts owed to Rebecca within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or

without probable cause.

36.

Pursuant to La. C.C. Art. 1997 and La. R.S. 22:1973, Fednat is additionally liable to Rebecca for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for Fednat's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to Rebecca within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

37.

Pursuant to La. R.S. 22:1973, in addition to actual damages for its breaches of the statute, Fednat is additionally liable to Rebecca for a penalty of the up to two times the actual damages Rebecca sustained or five thousand dollars, whichever is greater.

## **REQUEST FOR RELIEF**

38.

WHEREFORE, Plaintiff, Rebecca Breaux Turner, pray that, after due proceedings, there be a judgment rendered herein in Plaintiff ' favor and against Defendant, Fednat Insurance Company as successor and assign of Maison Insurance Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff ' in accordance with the rules of law, plus interest to the fullest


extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

        Respectfully submitted,
        **THE TOWNSLEY LAW FIRM, LLP**

BY:   s/ *Jordan Z. Taylor*
      **JORDAN Z. TAYLOR, Roll Bar No. 35346**
      3102 Enterprise Boulevard
      Lake Charles, LA   70601
      Telephone:   (337) 478-1400
      Facsimile:   (337) 478-1577
      Email: jtaylor@townsleylawfirm.com
      brandi@townsleylawfirm.com
      ashleyd@townsleylawfirm.com
      ATTORNEYS FOR PLAINTIFF, REBECCA TURNER

**PLEASE SERVE**

**FEDNAT INSURANCE COMPANY AS SUCCESSOR
AND ASSIGN FOR MAISON
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809**